MATTER OF ALVAREZ

In Deportation Proceedings

A-12554381

*Decided by Board December 1, 1965*

An alien's appeal in deportation proceedings from an order of the special inquiry officer granting the only relief for which she applied and for which eligible (voluntary departure), was summarily dismissed and oral argument in connection therewith denied by the Board of Immigration Appeals pursuant to 8 CFR 3.1(d)(1-a).

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251]—Nonimmigrant (exchange student)—remained longer.

This case is before us on appeal from a special inquiry officer's order of November 10, 1965, granting the respondent's request for voluntary departure, but providing for her deportation from the United States to the Philippines on the charge contained in the order to show cause in the event of her failure to so depart. The request for oral argument on the appeal will be denied and the appeal dismissed.

The record relates to a female alien, a native and citizen of the Philippines, who last entered the United States on or about September 20, 1959. She was then admitted as a nonimmigrant exchange student. She was thereafter authorized to remain in the United States in that status until March 26, 1965. She has remained here since that date without authority.

The foregoing establishes the respondent's deportability on the charge contained in the order to show cause. This was conceded in the course of the hearing before the special inquiry officer, when the respondent was represented by counsel (p. 1). It is unchallenged here.

The only relief requested of the special inquiry officer was voluntary departure. He honored that request, and the record before us

417

supports his action in this respect. Further comment on the point is unnecessary.

Briefly, by way of summary, deportability in this case is established and conceded. The respondent applied for and was granted the only relief available to her in the premises, to wit: voluntary departure. The sole reason given for the taking of this appeal is that the respondent desires a stay of deportation until "after she has taken the Board examinations to be held on February 9, 1966." This, however, is a matter properly for the consideration of the appropriate District Director of the Immigration and Naturalization Service, not this Board.

8 CFR 3.1(d)(1-a) provides that, notwithstanding the provisions of paragraph (e) of this section, the Board may deny oral argument concerning, and summarily dismiss, any appeal in any deportation proceeding under Part 242 of this Chapter in any case in which (i) the party concerned fails to specify the reasons for his appeal on Form I-290A (Notice of Appeal), (ii) the only reason specified by the party concerned for his appeal involves a finding of fact or a conclusion of law which was conceded by him at the hearing, or (iii) the appeal is from an order that granted the party concerned the relief which he requested. Under the foregoing circumstances, it is clear that the respondent's case falls squarely within this regulation.

ORDER: It is ordered that oral argument be denied.

It is further ordered that the appeal from the order entered by the special inquiry officer on November 10, 1965, be and the same is hereby dismissed.